UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JEFFERY L. CARPENTER**                                                                                    **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:20-CV-P164-TBR**

**CENTRAL OFFICE CLASS'N COMM. et al.**                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Jeffery L. Carpenter filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP). He names as Defendants the Kentucky Department of Corrections Central Office Classification Committee (COCC) in Frankfort, Kentucky; COCC Classification Manager Alan D. Long; COCC Committee Chairperson Kieryn Fannin; and Unknown Members of COCC. He sues Defendants Long and Fannin in both their individual and official capacities. The other Defendants are named only in their official capacities. He alleges that he was transferred from Kentucky State Reformatory to KSP in retaliation for filing a another § 1983 complaint in this Court, *Carpenter v. Strough*, No. 3:20-cv-P179. Plaintiff states that when he filed *Carpenter v. Strough*, he named nine Kentucky Department of Corrections Defendants, including Defendant Long.

The complaint alleges that on June 18, 2020, Plaintiff was threatened by "STG security threat group"; sought protective custody; and was placed in 24-hour lockdown. Plaintiff states

that on July 20, 2020, CTO Richie investigated and recommended protective custody to Classification Committee members Hughes and Patton, and they also recommended protected custody. He further states that on September 8, 2020, KSP Warden Jordan approved protected custody for him. However, Plaintiff alleges that on September 10, 2020, the COCC disapproved protected custody and advised release to general population even though they know that KSP's gangs will carry out hits and violent attacks against inmates with sex-related crimes. He states that he has an "old sex crime from 2003, and [he] was threatened with a violent attack." He further states that the COCC has no authority to override the Warden.

Plaintiff alleges that on September 14, 2020, he was informed by Richie that COCC had denied PC and that Richie asked if he was returning to the yard. When Plaintiff did not return to the yard, Richie told him he would be issued a disciplinary report for refusing an order to return to the yard. According to Plaintiff, Richie told him that he could stay in "admin-seg" but that to do so would require that he have three disciplinary reports. He states that the next day, he was issued a disciplinary report by Lt. Sasha Primovich for "refusing the yard." He states that he received another disciplinary report after refusing to go the yard because he "was in fear of being physically attacked." He alleges that he has been in solitary confinement without his property (TV and legal materials), in extremely loud conditions, and no recreation for over 104 days. Plaintiff asserts that his Eighth Amendment, Fifth Amendment (double jeopardy), and Fourteenth Amendment (equal protection) rights are being violated.

As relief, Plaintiff requests monetary and punitive damages and injunctive relief of "[protective custody]/transfer to KSR/no retaliation/alternatively monitored release."

Plaintiff also filed a motion for permission to amend the complaint (DN 8). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it[.]"

Fed. R. Civ. P. 15(a)(1)(A). Service has not yet occurred in this case. Accordingly, the Court will grant the motion to amend (DN 8).

Plaintiff adds as Defendants in their official capacities KSP employees Warden Scott Jordan, CTO Bradford Richie, Lt. Sasha Primovich, and Captain Fredrick Rodger. Plaintiff also requests additional relief of dismissing disciplinary reports "due to making me choose between regular prison and safety and forcing me to except disciplinary reports to remain in admin-segregation."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Double-jeopardy claim

Plaintiff alleges that his Fifth Amendment right to be free from Double Jeopardy has been violated by the multiple disciplinary actions against him.

The guarantee against Double Jeopardy protects against a second prosecution for the same offense after a prior acquittal or conviction and against multiple punishments for the same offense. *See Witte v. United States*, 515 U.S. 389 (1995); *United States v. DiFrancesco*, 449 U.S. 117, 129 (1980). These protections govern prosecutions and sentences carried out in state and federal court based on criminal charges. This Court is aware of no authority, and Plaintiff cites none, for the proposition that the Double Jeopardy protections apply in any context other than state or federal court proceedings. This claim will be dismissed.

### B. Official-capacity claims for monetary relief

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *Id*. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff seeks money damages from Defendants in their official capacities, he fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Thus, the Court will dismiss Plaintiff's official-capacity claims against

Defendants for damages for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants immune from such relief.

### C. Claims against Defendant COCC

Under the Eleventh Amendment to the U.S. Constitution, an agency of the state, like COCC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). The claims against Defendant COCC will be dismissed.

### D. Remaining claims

Upon review, the Court will allow Plaintiff's Eighth and Fourteenth Amendment official-capacity claims against all Defendants, except the COCC, to proceed for injunctive relief. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that prospective non-monetary relief against a state official in his official capacity to prevent future constitutional or federal statutory violations is not barred by the Eleventh Amendment).

### III. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons,

**IT IS ORDERED** that motion to amend (DN 8) is **GRANTED**.

The Clerk of Court is **DIRECTED** to add Warden Scott Jordan, CTO Bradford Richie, Lt. Sasha Primovich, and Captain Fredrick Rodger as Defendants.

**IT IS FURTHER ORDERED** that the Double-Jeopardy claim, the claims against the COCC, and the official-capacity claims against Defendants for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

The Clerk of Court is **DIRECTED** to terminate Defendant Central Office Classification Committee as a party to this action.

The Court will allow Plaintiff's individual-capacity Eighth and Fourteenth Amendment claims to go forward for monetary and injunctive relief against Defendants Long and Fannin and his official-capacity Eighth and Fourteenth Amendment claims to go forward for injunctive relief only against all Defendants, except the COCC. In doing so, the Court expresses no opinion on the ultimate merit of the claims.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of the remaining claims.

Date: March 23, 2021

*[Signature: Thomas B. Russell]*

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009