**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:20-cv-000164-TBR**

**JEFFERY L. CARPENTER** **PLAINTIFF**

**v.**

**CENTRAL OFFICE CLASS'N COMM.,** ***et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss and/or for Summary Judgment. [DN 19]. Plaintiff filed a *pro se* Counter Motion for Summary Judgment, [DN 21], and a Motion to Dismiss Unknown Defendants from the action. [DN 18]. All matters are ripe for adjudication. For reasons stated herein, Defendants' Motion for Summary Judgment, DN 19, is **GRANTED**. Plaintiff's Counter Motion for Summary Judgment, DN 21, is **DENIED**. Plaintiff's Motion to Dismiss Unknown Defendants, DN 18, is **GRANTED**.

## I. Background

A full recitation of the facts and a summary of the claims can be found in the Court's prior Memorandum Opinion and Order. [DN 10]. A condensed version is as follows: Plaintiff Jeffery L. Carpenter filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 with this Court alleging that his Eighth, Fifth, and Fourteenth Amendment rights were being violated by the denial of his request for protective custody and for depriving him of his "right to be in a safe and secure environment." [DN 1; DN 10]. The original Complaint was against Defendants Alan Long, Kieryn Fannin, the COCC, and Unknown Members of the COCC. [DN 1]. Plaintiff then motioned to amend his complaint to add Defendants Warden Scott Jordan, CTO Bradford Richie, Lt. Sasha Primozich, and Captain Fredrick Rodgers and for "additional relief of dismissing the disciplinary reports due to making [Plaintiff] choose between regular prison and safety and forcing [him] to

[accept] disciplinary reports to remain in admin-segregation." [DN 8].[1] In the Court's 28 U.S.C. § 1915A screening, all claims were dismissed except for Plaintiff's individual-capacity Eighth and Fourteenth Amendment claims against Defendants Long and Fannin and his official-capacity Eighth and Fourteenth Amendment claims against all other defendants, besides the COCC, for injunctive relief. [DN 10]. Plaintiff then filed a motion to dismiss the unknown defendants from the action. [DN 18]. Subsequently, Defendants filed a motion to dismiss/for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6) and 56, the doctrine of *res judicata*, and the doctrine of mootness. [DN 19]. Plaintiff responded and filed a Counter Motion for Summary Judgment. [DN 20, DN 21].[2] These issues are presently before the Court.

## II. Legal Standard

### A. Summary Judgment

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citations omitted). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

---

[1] Defendants' Motion to Dismiss explained that Plaintiff erroneously identified Sasha Primozich as Sasha "Primovich" and Fredrick Rodgers as Fredrick "Rodger."

[2] DN 20, "Response to Motion to Dismiss/for Summary Judgment" and DN 21 "Counter Motion for Summary Judgment" are identical documents used interchangeably in this Opinion.

prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

"The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to overcome summary judgment. *Id.* The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

**B. Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may assert by motion the defense of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare

assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## III. Discussion

As stated above, the Court, in a prior opinion, allowed from Plaintiff's original complaint his "individual-capacity Eighth and Fourteenth Amendment claims to go forward for monetary and injunctive relief against Defendants Long and Fannin" and from Plaintiff's Amended Complaint his "official-capacity Eighth and Fourteenth Amendment claims to go forward for injunctive relief" against Kentucky State Penitentiary (KSP) employees Warden Scott Jordan, CTO Bradford Richie, Lt. Sasha Primozich, and Captain Fredrick Rodgers. [DN 10]. The Court will address both claims below.

### A. Original Complaint/Protective Custody Claim

Defendants argue that "Carpenter's claim against Fannin and Long regarding denial of protective custody is barred by claim preclusion." [DN 19-1 at 6]. "Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Hicks v. Equifax Info. Servs. LLC*, No. 3:19-CV-776-BJB, 2021 WL 4143897, at *3 (W.D. Ky. Sept. 10, 2021) (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)). As such, "[c]laim preclusion prevents parties from litigating matters that 'should have been advanced in an earlier suit.'" *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). It "requires plaintiffs to "join all claims arising from the same set of facts in a single proceeding" and not "split them across multiple fora." *Hicks*, No. 3:19-CV-776-BJB, 2021 WL 4143897, at *3 (citing *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004)). To bar a lawsuit on claim preclusion grounds, defendants must show "(1) 'a final judgment

on the merits' in a prior action; (2) 'a subsequent suit between the same parties or their privies'; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (quoting *Montana v. United States*, 440 U.S. 147, 153, (1979)).

Defendants contend that "Carpenter litigated this exact claim against Fannin and Long in Franklin Circuit Court." [DN 19-1 at 6]. And that the state court, in a final judgment, "found that Fannin and Long—members of the Central Office Classification Committee—'correctly applied CPP § 18.15(1)(H)' and properly denied Carpenter's request for protective custody." *Id.* at 7. Conversely, Carpenter argues that the two claims are distinguishable and should be considered separately. Specifically, Plaintiff states that his "claims involve defendants Fannin and Long for their deliberate and malicious ordering of plaintiff back to the Kentucky State Penitentiary yard, in face of potential bodily injury, and attack by STG members; ['plaintiff does not claim that Fannin and Long wrongfully denied him protective custody']." [DN 20 at 2]. Upon review of both the Complaint in the present dispute and the complaint for the prior state court action, the Court agrees with Defendants that this claim is barred by *res judicata*.

In the state court action, where both Fannin and Long were named Defendants, Plaintiff states that "the action taken by the Defendants [were] malicious, intentional, recklessly made to place plaintiff in harms way by having him returned to General Population to face … a violent act by gang members." [DN 19-2]. This language is almost the exact same language that Plaintiff used in his attempt to distinguish the two cases in his response to Defendants' present motion. Regardless of whether this language was Plaintiff's predominate request for relief in either action, the repeated litigation goes against the laws of claim preclusion. Additionally, in the previous state court action, Plaintiff sought, among other things, injunctive relief "to direct COCC defendants to

withdraw their advisory decision to deny [protective custody]" and "for interference with plaintiff's pursuit of safety" as well as for violations of his Eighth Amendment rights. *Id.*

Similarly, in Carpenter's Complaint in the present dispute, he claims that his "rights … [under the Eighth and Fourteenth Amendments] are being and will be violated all because Alan D. Long and Kieryn Fannin and COCC denied [protective custody]." [DN 1 at 8]. He again used similar language as above stating that "[defendants] actions are deliberate-malicious-intentional and on going retaliatory adverse actions by Alan D. Long." *Id.* Further, Plaintiff requests "injunctive relief by order[ing protective custody]/transfer to KRS/no retaliation/alternatively monitored release." *Id.* at 9. Even if, as Plaintiff argues, the claims are not the exact same, they are almost indistinguishable. Nearly identical arguments and requests for relief based on the same facts between the same parties is the exact kind of claim prohibited by claim preclusion.

The Court finds that there is a prior "final judgment on the merits" between the same parties, regarding virtually indistinguishable issues, that arose from the "same transaction or occurrence." As such, Plaintiff could, and should, have raised any additional arguments against these specific defendants in the prior state court action. Allowing this claim to continue would not be fair to the Defendants, nor the court system. Therefore, under the doctrine of claim preclusion, all claims regarding protective custody and defendants Fannin and Long are dismissed.

**B. Amended Complaint/Disciplinary Reports**

Defendants, in reference to Plaintiff's amended complaint, argue that "Carpenter's claim that he was wrongfully issued disciplinary reports is grounded on a false premise—that he was wrongfully denied protective custody." [DN 19-1 at 7]. Further, Defendants argue that this issue is moot because the penalties for the disciplinary reports "have been served, and Carpenter is no longer housed at KSP." *Id.* at 8. Plaintiff responded stating that the disciplinary reports were issued

"as a means to hold plaintiff in Administrative Segregation, pending a transfer, and not actually for the infraction of disobeying a direct order." [DN 20]. Plaintiff further contends that he "did not claim the defendants wrongfully issued two disciplinary reports." *Id.* Because Plaintiff's request to dismiss the disciplinary reports fails to state a claim upon which relief can be granted, the Court need not address the mootness issue. Fed. R. Civ. P. 12(b)(6).

Plaintiff's only remaining claim, requesting the injunctive relief of "dismissing the disciplinary reports" against him fails to "state a claim to relief that is plausible on its face." [DN 8]. Simply put, because the state court held that Carpenter was properly denied protective custody, his refusal to return to the general population was a failure to obey a direct order. The disciplinary reports that Plaintiff received were due to his denial of that order and, as Plaintiff admitted in his response to Defendants' motion, the disciplinary reports were not wrongfully issued. The Court, therefore, cannot order the dismissal of properly given disciplinary reports. As such, Carpenter has failed to present a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Further, because dismissal of Plaintiff's request for protective custody was determined proper by the state court judgment, Carpenter has failed to provide "factual content that allows the court to draw reasonable inference" that KSP is liable for giving Plaintiff disciplinary reports to keep him in Administrative Segregation, rather than the stated reasons of disobeying an order. Therefore, the Court must grant Defendants' motion for dismissal/summary judgment.

**IV. Plaintiff's Motion for Summary Judgment**

Plaintiff, in the final paragraph of his Response to Defendants' motion for summary judgment states: "Plaintiff request[s] Summary Judgment on the issues brough[t] forth in the original complaint, as stated in the foregoing, and any other relief the court may deem plaintiff entitled by law." [DN 21]. Because Defendants have succeeded in their motion for summary

judgment/dismissal, Plaintiff's motion must fail. Further, Plaintiff has failed to satisfy the summary judgment standards set out above. *See* Fed. R. Civ. P. 56(c).

## V. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED:**

(1) Defendants' Motion to Dismiss and/or for Summary Judgment is **GRANTED**. [DN 19].

(2) Plaintiff's Counter Motion for Summary Judgment is **DENIED**. [DN 21].

(3) Plaintiff's Motion to Dismiss Unknown Defendants is **GRANTED**. [DN 18].

(4) The Clerk of Court is **DIRECTED** to close the case.

This is a final and appealable order. The Court will enter a separate Judgment contemporaneous to this Memorandum Opinion and Order.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 6, 2021

cc: counsel

**Jeffery L. Carpenter**, *pro se*
95017
LUTHER LUCKETT CORRECTIONAL COMPLEX
Dawkins Road, Box 6
LaGrange, KY 40031